judgment, and whether it was a judgment at law or a decree in equity. It is, indeed, called a "decree," which in general, implies that it was in a suit in equity or admiralty; but whether it was a decree for the specific execution of an agreement, or for a perpetual injunction, or whether it was against the appellants in their representative character, or personally, merely describing them as executors, does not appear; so that it is impossible for the court to ascertain, judicially, that the obligees have sustained any damages.

Nor does the declaration aver that the original decree in the court below, has not been performed and satisfied by the appellants; nor does it state what was the decree or judgment of the supreme court. These appear to the court to be fatal objections to the declaration, and therefore it is not necessary to notice another objection stated as a particular cause of demurrer; namely, that the bond binds only the assets of the testator, Robert Brent.

The judgment upon the demurrer must be for the defendant. The plaintiffs had leave to amend on payment of the costs of the amendment. This cause was afterwards settled by the parties.

---

## Case No. 903.

### BANK OF THE METROPOLIS v. WALKER.

[2 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. April Term, 1822.

NEGOTIABLE INSTRUMENTS—TIME OF DEMAND— NOTICE TO INDORSER.

If payment of a promissory note be demanded of the maker on the third day of grace, after banking hours, and notice of the non-payment be given to the indorser on the next day, the demand is not too soon, nor the notice too late.

[See Bank of Alexandria v. Wilson, Case No. 856; Lenox v. Wright, Id. 8,249; Read v. Carberry, Id. 11,604.]

[At law. Action upon a contract of indorsement by the Bank of the Metropolis against Joseph Walker. Verdict was given for plaintiff, subject to the opinion of the court upon a case stated. Judgment is now given for plaintiff. Thereafter a rule upon the marshal to show cause why certain moneys levied by him upon the defendant's land in another action should not be paid in satisfaction of the judgment in this case was discharged in Bank of the Metropolis v. Walker, Case No. 904.]

Assumpsit against the last indorser of Toppan Webster's note for $1,000, due 10th, 13th January, 1819. All the parties lived near the Bank of the Metropolis, in the city of Washington. Payment was demanded of the maker, by a notary public, on the 13th of January, the last day of grace, after 3 o'clock P. M., and notice of non-payment was given to the defendant on the next day, viz: on the 14th of January. A verdict for the plaintiff was taken subject to the opinion of the court, upon the said facts, whether the demand and notice were competent and sufficient in law to charge the defendant in this action with the payment of the said sum of $1,000, in the said note mentioned. The note was not made payable at any bank, and it was proved to be the practice of some of the notaries in this district to give notice on the day of the demand of payment, and of others to give notice on the next day.

Mr. Jones, for the defendant, cited Chitty on Bills, 318, &c. The note must be paid on the three days of grace, when demanded. If not then paid it is dishonored, and notice should be given immediately. All the parties lived within a few minutes' walk of each other. Notice should be given on the same day. Tassell v. Lewis, 1 Ld. Raym. 743. In Lenox v. Roberts, 2 Wheat. [15 U. S.] 373, the supreme court of the United States said, that notice must be given by mail on the third day of grace. See, also, 6 East, 3; 15 East, 291; and Chit. Bills, (Ed. 1821, by Cary,) 401.

THE COURT stopped Mr. Lear, in reply, and said that the demand and notice were sufficient.

---

## Case No. 904.

### BANK OF THE METROPOLIS v. WALKER.

[2 Cranch, C. C. 361.] [1]

Circuit Court, District of Columbia. Dec. Term, 1822.

JUDGMENT LIEN—PRIORITIES — SPECIAL VERDICT.

A judgment upon a special verdict, or upon a verdict subject to the opinion of the court upon a case stated, does not relate back to the date of the verdict, [rendered at a preceding term,] so as to overreach an intermediate judgment against the same defendant in another cause.

[At law. Action upon a contract of indorsement by the Bank of the Metropolis against Joseph Walker. Verdict was given for plaintiff, subject to the opinion of the court upon a case stated. Thereafter judgment was given for plaintiff. Bank of the Metropolis v. Walker, Case No. 903. The hearing is now upon a rule that the marshal show cause why he should not satisfy the judgment out of funds obtained by him by a levy upon another judgment against defendant's lands in favor of King and Langley. Rule discharged.]

The plaintiffs (the Bank of the Metropolis) obtained a verdict against the defendant